IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY LEE JACKS,

        Petitioner,                      No. CIV S-07-2352 MCE JFM P

   vs.

WARDEN J. WALKER, et al.,

        Respondents.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner on parole proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 6, 2008, respondents filed a motion to dismiss the instant petition for writ of habeas corpus for failure to exhaust state remedies.[1] On March 7, 2008, the Clerk of the Court sent notice to petitioner pursuant to Local Rule 78-230(m) that opposition to the motion was due within twenty-one days. Petitioner has not opposed the motion.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

/////

---

[1] Respondents also assert that the action has been mooted due to petitioner's release on parole, but they present no authority that would support dismissal on this ground.

1

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. There is no showing in the petition that the claims at bar have been presented to the California Supreme Court, and no opposition to respondents' contention that there is no record in the California Supreme Court that petitioner has presented his claims to that court. Accordingly, respondents' motion to dismiss should be granted and the instant action should be dismissed without prejudice.[3]

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' March 6, 2008 motion to dismiss be granted; and

2. Petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 | time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
2 | (9th Cir. 1991).
3 | DATED:  April 3, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
jack2352.103